# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M.,<br><br>                          Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>                          Defendant. | Case No.:  25-cv-1303-SBC<br><br>**ORDER GRANTING PETITION FOR ATTORNEY FEES, COSTS, AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[Dkt. No. 18]** |

Plaintiff David M.[1] moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), and costs pursuant to 28 U.S.C. § 1920. (Dkt. No. 18.) Defendant Commissioner of the Social Security Administration does not oppose the request. (Dkt. No. 21.) For the following reasons, Plaintiff's Petition for Attorney Fees, Costs, and Expenses Under the EAJA is **GRANTED**.

/ / /

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules. *See* CivLR 7.1(e)(6)(b).

1

25-cv-1303-SBC

## I.    BACKGROUND

On May 21, 2025, Plaintiff initiated this action against Defendant for judicial review of a final adverse decision for social security benefits under 42 U.S.C. § 405(g) (Dkt. No. 1.) The 2,078-page Administrative Record was filed on July 21, 2025. (Dkt. No. 6.) Plaintiff filed his merits brief on August 26, 2025. (Dkt. No. 12.) On September 19, 2025, the parties filed a Joint Motion to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and for Entry of Judgment (Dkt. No. 15.) The Court granted the motion and entered judgment on September 22, 2025. (Dkt. Nos. 16-17.)

Plaintiff now moves for attorney fees totaling $5,623.04, based on 20.16 hours in attorney time at the hourly rate of $251.84 ($5,077.09) and 3.05 hours in paralegal time at an hourly rate of $179.00 ($545.95). (Dkt. No. 18 at 13.) Plaintiff additionally seeks reimbursement of the $402.00 filing fee. *Id.*

## II.    LEGAL STANDARDS

To be eligible for attorney's fees, the prevailing party seeking an award of EAJA fees must submit an application to the court showing "the amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees . . . were computed" and contending that "the position of the [government] was not substantially justified." 28 U.S.C § 2412(d)(1)(B). Unless the government's position was "substantially justified," the EAJA requires the government to pay the fees and expenses of a "prevailing party." *Id.* § 2412(d)(1)(A).

The EAJA directs the court to award a reasonable fee. *Id.* § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable number of hours expended, the reasonable hourly rate, and the results obtained. *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

/ / /

/ / /

/ / /

25-cv-1303-SBC

## III.    DISCUSSION

**A.    <u>Timeliness</u>**

Plaintiff's application for attorney's fees is timely. The party seeking an award of fees and costs has thirty days after a judgment becomes unappealable, i.e., thirty days after the time for appeal has ended, to file an EAJA application. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Court entered its order to remand this case on September 22, 2025, and judgment was entered the same day. (Dkt. Nos. 16-17.) Plaintiff filed a motion for attorney's fees on December 22, 2025, within thirty days of the date the remand order was no longer appealable. *See* Fed. R. App. P. 4(a)(1)(B) (providing 60-day appeal period when one of the parties is a United States officer or employee sued in an official capacity).

**B.    <u>Prevailing Party and Substantial Justification</u>**

"[A] party who wins a sentence-four remand order is a prevailing party." *Shalala*, 509 U.S. at 302. Because Plaintiff obtained a remand, Plaintiff is a prevailing party.

The Commissioner bears the burden of showing that its position was substantially justified or that special circumstances exist to make an award unjust. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The Commissioner does not contend that their position was substantially justified. (Dkt. No. 21.) As such, Plaintiff is eligible for attorney's fees under the EAJA.

**C.    <u>Reasonableness of Attorney's Fees</u>**

Although the Commissioner does not oppose Plaintiff's request for fees, the Court independently reviews the request for reasonableness.

First, the attorney's fees component of the request for fees is reasonable. The EAJA prescribes a default $125.00 hourly fee unless there is an increase in the cost of living or a special factor that justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit sets out the statutory maximum for hourly fees adjusted for increases in the cost of living. *See* Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ [https://perma.cc/6TUA-J6SR] (last visited Feb. 18, 2026). For work performed in 2025, the maximum hourly rate is $258.46. *Id.* The court may award up to this statutory

25-cv-1303-SBC

maximum. *See, e.g. Matos v. Saul*, 469 F.Supp.3d 934, 940 (N.D. Cal. 2020) ("[T]he Court finds this rate reasonable."); *Kari P. v. Saul*, Case No. 19-cv-00956-JLB, 2021 WL 389818, at *2 (S.D. Cal. Feb. 4, 2021) (awarding cost of living increase in accordance with the Ninth Circuit's hourly EAJA rate); *Bonnie B. v. Saul*, Case No. 3:20-cv-00653-RBM, 2021 WL 780475, at *2 (S.D. Cal. Mar. 1, 2021) (same). Here, Plaintiff's counsel's itemized statement shows that she performed 20.16 hours of legal work in 2025 at an hourly rate of $251.84, totaling $5,077.09. The hourly rate charged is below the statutory maximum and is therefore reasonable. Given the length of the record and a review of the billable entries, the time expended is also reasonable. As such, the Court finds Plaintiff's request for $5,077.09 in attorney time to be reasonable.

Second, the paralegal's fees component of the request is also reasonable. "A prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2007). As established, Plaintiff is a prevailing party and is eligible for an EAJA award. Plaintiff's counsel calculates the $179.00 paralegal hourly rate based on the *United States Consumer Law Attorney Fee Survey Report*'s average market rate for paralegals, adjusted for inflation. (Dkt. No. 18 at 8.) This district has recognized this market rate to be reasonable. *See, e.g.*, *Ulugalu v. Berryhill*, Case No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018) (relying on the *United States Consumer Law Attorney Fee Survey Report* to independently find the reported $100.00 median hourly rate for paralegals in 2018 reasonable); *Sullivan v. Kijakazi*, Case No. 3:23-cv-00480-AHG, 2024 WL 4830985, at *2 (S.D. Cal. Nov. 19, 2024) (approving a $179.00 hourly rate for paralegal time in 2025). Upon review of the itemized statement, the billed rate of $179.00 an hour is reasonable, and the hours expended for the tasks described are also reasonable. Plaintiff's request for $545.95 in paralegal time is thus reasonable.

Taken together, the Court finds that the attorney's fees totaling $5,623.04—$5,077.09 for 20.16 hours in attorney time at a $251.84 hourly rate, and $545.95 for 3.05 hours in paralegal time at a $179.00 hourly rate—is reasonable.

4

### IV.    CONCLUSION

For the reasons set forth above, the Court finds that the amount of attorney's fees and costs sought by Plaintiff is reasonable. Accordingly, the Court **GRANTS** Plaintiff's Petition for Attorney Fees for $5,623.04 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), and $402.00 in costs pursuant to 28 U.S.C. § 1920.

**IT IS SO ORDERED**.

Dated:  March 2, 2026

Hon. Steve B. Chu
United States Magistrate Judge

25-cv-1303-SBC